UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:

BOURHAN I. AHMAD,

                Debtor.
_____/

ZEINAB SOBH,

                Plaintiff,

vs.

BOURHAN I. AHMAD,

                Defendant.
_____/

Case No. 17-53201

Chapter 13

Judge Thomas J. Tucker

Adv. Pro. No. 17-4860

## TRIAL OPINION

**I. Introduction**

      This adversary proceeding came before the Court for a bench trial, held on January 8, 2019. The Court scheduled a bench opinion hearing for January 17, 2019 at 1:30 p.m. The Court has now decided to issue this written opinion, rather than giving an oral bench opinion. The January 17 bench opinion hearing will be cancelled.

      The Court has considered all of the evidence and arguments presented by the parties at trial. This includes the testimony of the witnesses — namely, Plaintiff Zeinab Sobh, Defendant Bourhan I. Ahmad, and Arthur S. Brand. And this includes all of the exhibits that were admitted into evidence — namely, Defendant's Exhibits A-G.[1] This Opinion states the Court's findings of fact and conclusions of law.

---

[1] In this Opinion, the Court will cite the exhibits using the form "DX-__."

## II. Jurisdiction

This Court has subject matter jurisdiction over this adversary proceeding under 28 U.S.C. §§ 1334(b), 157(a) and 157(b)(1), and Local Rule 83.50(a) (E.D. Mich.). This is a core proceeding under the following subsections of 28 U.S.C. § 157(b)(2): (A), (B), (C), (E), (F), (I), (K), and (O).

## III. Discussion

**First,** the Court reiterates and adopts, and incorporates into this Opinion by reference, a portion of what the Court stated in its bench opinion given on October 24, 2018, in ruling on Defendant's motion for summary judgment: namely, the portion found at the following pages of the transcript of that bench opinion: page 11, line 15 through page 26, line 16.[2]

**Second,** the Court finds as fact, and incorporates into this Opinion by reference, the facts stipulated to by the parties in the Final Pretrial Order filed on December 3, 2018, in Section 4(a) at pages 4-6, labeled "Stipulations of Fact," *except* for the fact stated at ¶ 4(a)(x), which was later contradicted by the parties at trial.[3] (*See* discussion in footnote 7, below.)

**Third,** the Court finds and concludes that the claim reflected in the proof of claim filed by/on behalf of Arthur S. Brand, Claim No. 11-1 in the claims register of Case No. 17-53201, must be allowed as an unsecured claim in the amount of $10,000.00, and is in its entirety a domestic support obligation, entitled to priority in Defendant's bankruptcy case under 11 U.S.C. § 507(a)(1). These facts and conclusions are established by the evidence, including the testimony of Plaintiff, the testimony of Arthur S. Brand, the Judgment of Divorce, and the Michigan statute

---

[2] Transcript, Docket # 81.

[3] Docket # 77.

discussed by Mr. Brand in his testimony (Mich. Comp. Laws Ann. § 552.13(1)). And Defendant's counsel conceded these facts and conclusions during her closing argument at trial.

**Fourth,** the Court finds and concludes that the claim reflected in the proof of claim filed by Plaintiff, Zeinab Sobh, Claim No. 10-1 in the claims register of Case No. 17-53201 (the "Plaintiff's Claim"), must be allowed to the extent and with the secured/unsecured status and/or the priority, as stated and discussed in the next nine paragraphs of this Opinion below, and otherwise must be disallowed.

The Plaintiff's Claim must be allowed, in part, in the amount of $5,675.11, which is the amount of the pre-petition arrearage owing by Defendant for child support and spousal support, all of which is an unsecured claim that is a domestic support obligation, entitled to priority in Defendant's bankruptcy case under 11 U.S.C. § 507(a)(1). This claim is to be paid to and through the Friend of the Court/M.I.S.D.U. as stated in the August 7, 2017 Judgment of Divorce entered by the Oakland County Circuit Court (the "Judgment of Divorce," DX-A, and a copy of which Judgment of Divorce is attached to Plaintiff's claim, Claim No. 10-1), *e.g.*, at page 3. These facts and conclusions are supported by the evidence, including Defendant's testimony, DX-E (first page), and concessions made by Plaintiff's counsel during his closing argument.

The Plaintiff's Claim also must be allowed as a secured claim in the amount of $175,193.87. This amount is calculated as follows: $184,000.00,which is the value, as of the September 20, 2017 bankruptcy petition date, of 50% of the marital equity of Defendant's interest in Le Chef, Inc., minus credit for $8,806.13 of the amount Defendant paid for the Bruce Knapp fees. This amount of Plaintiff's allowed claim is secured by Defendant's ownership interest/stock in Le Chef, Inc., and by no other property of the Defendant or the Defendant's

3

17-04860-tjt    Doc 85    Filed 01/15/19    Entered 01/15/19 10:27:44    Page 3 of 8

bankruptcy estate. These facts and conclusions are supported by the evidence, including the Judgment of Divorce, the stipulations in the Final Pretrial Order, the testimony of the Plaintiff and the Defendant, and by concessions made by Defendant's counsel in her closing argument.

The Judgment of Divorce, which is a final judgment that was entered on August 7, 2017, found and established that the value of 50% of the marital equity of Defendant's interest in Le Chef, Inc. was $184,000.00.[4] As Defendant's counsel correctly conceded during her closing argument at trial, this Court and the parties are bound by the state court's August 7, 2017 Judgment of Divorce, under principles of collateral estoppel, to accept as an established fact that as of August 7, 2017, the value of this 50% of the marital equity of Defendant's interest in Le Chef, Inc. was $184,000.00. *See generally Lenchner v. Korn* (*In re Korn*), 567 B.R. 280, 297-99 (Bankr. E.D. Mich. 2017) (describing the law of collateral estoppel). All of the requirements for the application of collateral estoppel are met: (1) the parties are the same; (2) the August 7, 2017 Judgment of Divorce is a valid, final judgment; (3) the value issue was actually litigated and necessarily determined by the Judgment of Divorce; and (4) the Defendant had a full and fair opportunity to litigate the issue in the state court divorce proceeding. *See Lenchner v. Korn,* 567 B.R. at 298.

Defendant has disagreed, at the time of the Judgment of Divorce and also at the time of trial in this case, with the value placed on this asset by the state court in Judgment of Divorce. And Defendant offered testimony at trial in support of his disagreement with such valuation. But as defense counsel correctly conceded during closing argument, Defendant is precluded, by collateral estoppel, from disputing that *as of the August 7, 2017 date of the Judgment of Divorce*,

---

[4] DX-A at 7.

4

17-04860-tjt    Doc 85    Filed 01/15/19    Entered 01/15/19 10:27:44    Page 4 of 8

the value of 50% of the marital equity of Defendant's interest in Le Chef, Inc. was $184,000.00.

The Defendant filed his bankruptcy petition on September 20, 2017, only 44 days after this August 7, 2017 valuation date. There was no evidence, and certainly no credible evidence, presented at trial that tended to show that the value of Defendant's interest in Le Chef, Inc. declined at all, or how much it declined if at all, during the short 44 day period just before Defendant filed his bankruptcy petition. The Defendant testified only to the effect that the value of this business declined during the pendency of his divorce case. He offered no evidence of a decline in value during the short time period from August 7, 2017, when the divorce case concluded with the entry of the Judgment of Divorce, to September 20, 2017, when Defendant filed his bankruptcy petition. The Court finds and concludes that the value of 50% of the marital equity of Defendant's interest in Le Chef, Inc. *as of the bankruptcy petition date*, was $184,000.00. And the parties correctly agree that the relevant date for valuation purposes in this adversary proceeding is the bankruptcy petition date.[5]

When the Court subtracts from the $184,000.00 amount the $8,806.13 credit that Defendant is entitled to for his payment of the Bruce Knapp fees, the allowed amount of Plaintiff's secured claim is $175,193.87. Under the Judgment of Divorce, this claim is secured by Defendant's ownership interest/stock in Le Chef, Inc. It is not secured by any other property of the Debtor or the bankruptcy estate.

The Court rejects, as unproven, Defendant's contention that he is entitled to any additional credit against this secured claim, or otherwise, for the roughly $4,000.00 he paid over

---

[5] *See, e.g.*, Final Pretrial Order (Docket # 77) at 6, ¶ 4(b)(I). This proposition was reiterated by counsel for both parties during trial.

5

a two year period for automobile insurance for Plaintiff, or for the roughly $1,144.00 he paid over a four year period for annual Michigan registrations for the vehicle Plaintiff used. The Court finds and concludes that Defendant is not entitled to any credit or offset, for these amounts or for any other items or amounts. There is nothing in the Judgment of Divorce entitling Defendant to any such credits or offsets. Nor is there any other valid basis proven that entitles Defendant to any such credits or offsets.

Plaintiff does not have an allowed secured claim with respect to the real property located at 87 W. Palmer, Detroit, Michigan *in the Defendant's bankruptcy case*, under the Judgment of Divorce or otherwise, because at all times from the bankruptcy petition date to the present, that real property was/is not property of the Defendant or the Defendant's bankruptcy estate.[6]

Plaintiff does not have a lien in, or an allowed secured claim with respect to, the real property located at 5146 Neckel, Dearborn, Michigan, under the Judgment of Divorce or otherwise. Rather, as established by and stated in the Judgment of Divorce, Plaintiff has an *ownership* interest in that real property, to the extent of 50% of that marital property. The value of Plaintiff's ownership interest in that real property, as of the bankruptcy petition date, was $22,500.00, which was the amount equal to "50% of the equity" within the meaning of the Judgment of Divorce, at page 6,[7] *or* 50% of the "net proceeds" of any sale of the real property, ***if the property is sold under the terms of the Judgment of Divorce***. The respective rights of the

---

[6] The Court expresses no view about whether or to what extent the Plaintiff has a lien in the 87 W. Palmer property outside of Defendant's bankruptcy, valid against the owner of that property.

[7] In their stipulations in the Final Pretrial Order, at ¶ 4(a)(x), the parties stipulated that this amount was $24,286.00. Because at trial the parties both later contradicted this amount, and agreed to the $22,500.00 amount, however, the Court accepts that lower amount.

Plaintiff and the Defendant in that real property are subject to the terms of the Judgment of Divorce. These findings and conclusions are supported by the Judgment of Divorce, and the testimony and arguments at trial of both of the parties agreed with the $22,500.00 amount.

**Fifth,** Defendant is entitled to judgment against Plaintiff on Counts 1 and 2 of Defendant's Counterclaims,[8] to the extent of the partial summary judgment previously granted in Defendant's favor in this adversary proceeding,[9] and otherwise the Court must grant judgment in favor of Plaintiff and against Defendant, dismissing Counts 1 and 2 with prejudice. Defendant abandoned such Counts to that extent, as stated in the Final Pretrial Order.[10]

**Sixth,** Plaintiff is entitled to judgment against Defendant, dismissing Counts 3 and 7 of Defendant's Counterclaims with prejudice. Defendant abandoned such Counts, as stated in the Final Pretrial Order.[11]

**Seventh,** the Court must dismiss Count 8 of Defendant's Counterclaims with prejudice. Such Count was fully resolved by the Plaintiff's turnover of certain jewelry to Defendant, in court, and as stated on the record by counsel for the parties, during the closing arguments at trial on January 8, 2019.

## IV. Conclusion

For the reasons stated in this Opinion, the Court will enter a judgment that is consistent

---

[8] The counterclaims are filed at Docket # 9.

[9] Order Granting in Part, and Denying in Part, Defendant's Motion for Summary Judgment (Docket # 66).

[10] Docket # 77 at 4.

[11] *Id.*

with this Opinion.

**Signed on January 15, 2019**


/s/ Thomas J. Tucker
Thomas J. Tucker
United States Bankruptcy Judge